UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRANDON COBB, MARY HILL, and JOSEPH NETTLES, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>**GEORGIA DEPARTMENT OF COMMUNITY SUPERVISION, and MICHAEL NAIL, in his official capacity as Commissioner of the Georgia Department of Community Supervision,**<br><br>*Defendants.* | Civil Action No.<br>1:19-cv-03285-WMR<br><br>**CLASS ACTION** |

## MOTION FOR CLASS CERTIFICATION

Come now plaintiffs Brandon Cobb, Mary Hill, and Joseph Nettles ("Plaintiffs") and move the Court for certification of a class of plaintiffs that includes all present and future deaf and hard of hearing individuals subject to supervision by the Georgia Department of Community Supervision and its Commissioner, Michael Nail (collectively, "DCS"), pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure. Plaintiffs further move the Court to appoint Plaintiffs' undersigned

counsel of record as class counsel pursuant to Rule 23(g). Plaintiffs hereby seek class certification and appointment of counsel on the following grounds:

1.

This case was initially filed on July 19, 2019. ECF No. 1. Plaintiffs originally moved for class certification in this case on October 9, 2019. ECF No. 53. Defendants filed their opposition to the motion on November 13, 2019, and Plaintiffs filed a reply brief on December 20, 2019. ECF Nos. 67, 77. After a hearing on the motion which began on March 9, 2020, the court issued an order on March 11, 2020 that delayed ruling on the motion for class certification and ordered the parties to engage in discovery related to the potential class. ECF No. 104 at 2. On July 27, 2020, the Court issued an order terminating the motion for class certification and inviting plaintiffs to resubmit that motion after the close of discovery. ECF No. 118 at 2. Discovery in this case closed on August 16, 2021, and the parties requested and received several extensions of time to file class certification and summary judgment motions after the close of discovery. Plaintiffs now refile their motion for class certification pursuant to the Court's July 27, 2020 instructions.

2.

Plaintiffs are three deaf individuals subject to ongoing supervision by DCS. DCS has routinely and repeatedly failed to provide Plaintiffs with auxiliary aids and

services and reasonable modifications to which they are entitled under Title II of the Americans with Disabilities Act (the "ADA") and Section 504 of the Rehabilitation Act of 1973 ("Section 504"). Defendant Nail, acting in his official capacity, has further refused to provide Plaintiffs with the procedural due process to which they are entitled under the Fourteenth Amendment to the U.S. Constitution.

3.

DCS's failures to comply with its own (inadequate) policies and with the requirements of federal law are systemic and affect all deaf and hard of hearing persons that DCS supervises. Plaintiffs therefore seek to represent a class of all present and future deaf and hard of hearing individuals subject to DCS supervision who require hearing-related accommodations and services—including, but not limited to, interpreters, auxiliary aids and services, and reasonable modifications—to communicate effectively and/or to access or participate equally in programs, services or requirements of DCS.

4.

Plaintiffs, on behalf of themselves and proposed class members, are seeking declaratory and injunctive relief requiring DCS to comply with federal law and provide Plaintiffs and proposed class members with the auxiliary aids and services

and reasonable modifications they require to communicate effectively and to participate fully in DCS programs, services, and activities.

5.

Plaintiffs have standing to bring this action and, as detailed in the attached memorandum of law and accompanying evidentiary materials, can demonstrate that the proposed plaintiff class satisfies the prerequisites for class certification under Rule 23(a); that is—

(1) that the proposed class consists of at least 40 members, and is therefore so numerous that joinder of all members is impracticable and the proposed class otherwise ascertainable;

(2) that there are numerous questions of law and fact common to the class, including a) whether DCS policies fail to provide class members equally effective communication; b) whether DCS fails to employ effective communication methods when trying to communicate with class members; c) whether DCS's policies and practices deny class members adequate and equal access to programs, activities, and services; and d) whether DCS is denying class members due process by failing to provide adequate notice of supervision rules and conditions;

(3) that Plaintiffs' claims are typical of all class members' claims, because DCS's policies and practices discriminate against Plaintiffs and class members in the same manner and so Plaintiffs and class members alike are pursuing the same legal theories based on the same conduct; and

(4) that Plaintiffs will adequately represent class members, because there are no substantial conflicts of interest between Plaintiffs and class members, Plaintiffs are represented by experienced and dedicated counsel, and Plaintiffs and their counsel are committed to vigorously prosecuting the interests of the class.

6.

Plaintiffs can further demonstrate that final injunctive relief on behalf of the proposed class is appropriate, as required under Rule 23(b)(2).  DCS is acting (or refusing to act, as the case may be) on grounds that apply generally to all class members, and so injunctive relief may be granted with respect to the proposed class as a whole.

7.

Plaintiffs' undersigned counsel of record should be designated as class counsel pursuant to Rule 23(g) because they are a team of dedicated and experienced attorneys with knowledge of the applicable law of disability rights and experience

with complex litigation. Plaintiffs' counsel is fully committed to devoting all resources necessary to pursue this litigation vigorously and thoroughly.

WHEREFORE, Plaintiffs respectfully request that this Court certify the proposed class of all present and future deaf and hard of hearing individuals who are subject to DCS supervision pursuant to Rules 23(a) and (b)(2) and appoint Plaintiffs' undersigned counsel of record as class counsel pursuant to Rule 23(g).

Respectfully submitted this 9th day of February, 2022.

Susan Mizner, *pro hac vice*
Zoe Brennan-Krohn, *pro hac vice*
Brian L. Dimmick, *pro hac vice*
West Resendes, *pro hac vice*
Talila A. Lewis, *pro hac vice*
AMERICAN CIVIL LIBERTIES UNION
DISABILITY RIGHTS PROGRAM
39 Drumm Street
San Francisco, CA 94111
Phone: (415) 343-0781
Fax: (415) 395-0950
SMizner@aclu.org
ZBrennan-Krohn@aclu.org
BDimmick@aclu.org
WResendes@aclu.org
Talila.A.Lewis@gmail.com

Sean Young, GA State Bar No. 790399
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF GEORGIA, INC.
P.O. Box 77208
Atlanta, GA 30357
Phone: (678) 981-5295
Fax: (770) 303-0060
SYoung@acluga.org

Claudia Center, *pro hac vice*
DISABILITY RIGHTS EDUCATION AND
DEFENSE FUND
3075 Adeline St, Suite 210
Berkeley, CA 94703
Phone: (510) 644-2555
CCenter@dredf.org

/s/ Stephanna F. Szotkowski
Stephanna F. Szotkowski, *pro hac vice*
Kathryn Geoffroy, *pro hac vice*
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, Illinois 60602
Phone: (312) 583-2354
Fax: (312) 583-2591
Stephanna.Szotkowski@arnoldporter.com
Kathryn.Geoffroy@arnoldporter.com

Ian Hoffman, *pro hac vice*
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001
Phone: (202) 942-5000
Fax: (202) 942-5999
Ian.Hoffman@arnoldporter.com

Tyler J. Fink, *pro hac vice*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019
Phone: (212) 836-8000
Fax: (212) 836-8689
Tyler.Fink@arnoldporter.com

Brittany Shrader, *pro hac vice*
NATIONAL ASSOCIATION OF THE DEAF
LAW AND ADVOCACY CENTER
8630 Fenton Street, Suite 820
Silver Spring, MD 20910
Phone: (301) 587-2907
brittany.shrader@nad.org

*Attorneys for Plaintiffs*