UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **BRANDON COBB, MARY HILL, and JOSEPH NETTLES, on behalf of themselves and all others similarly situated,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**GEORGIA DEPARTMENT OF COMMUNITY SUPERVISION, and MICHAEL NAIL, in his official capacity as Commissioner of the Georgia Department of Community Supervision,**<br><br>*Defendants.* | Civil Action No. 1:19-cv-03285-WMR<br><br>**CLASS ACTION**<br><br>**DECLARATION OF BRITTANY SHRADER IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** |

I, BRITTANY SHRADER, declare:

1. I make this Declaration of my personal knowledge and based on a review of the records maintained by my office in the ordinary course of business. I could and would competently testify to all such matters, if called upon to do so.

2. The National Association of the Deaf ("the NAD"), the American Civil Liberties Union Foundation Disability Rights Program ("the ACLU"), the American Civil Liberties Union Foundation of Georgia, Inc. ("the ACLU of Georgia"), the

1

Disability Rights Education and Defense Fund ("DREDF"), and Arnold & Porter Kaye Scholer LLP jointly represent the Plaintiffs in this matter.

3. I submit this declaration in support of the Motion for Class Certification.

4. I am among counsel of record for the plaintiffs and the putative class in this matter. I am a member of the New York bar. I graduated from Hofstra University School of Law in May 2009. I received a B.A. from the University of Virginia in 2006. I am admitted to the Northern District of Georgia for this case *pro hac vice*.

5. I am a staff attorney at the NAD Law and Advocacy Center. I have been a staff attorney at the NAD since October 2018. I am fluent in American Sign Language.

6. Prior to joining the NAD, I was a senior associate at the Eisenberg & Baum Law Center for Deaf and Hard of Hearing ("E&B") for two years where I litigated civil rights disability discrimination cases involving individuals who are deaf and hard of hearing. While at E&B, I handled cases involving the failure to provide effective communication to individuals who are deaf and hard of hearing in a variety of contexts. Representative cases include: *Ortiz, et al. v. Westchester Medical Center Health Care Corporation, et al.*, No. 7:15-cv-05432-NSR-PED (S.D.N.Y. resolved 2017) (hospital), *Curry v. the Metropolitan College of New York*,

No. 1:16-cv-06294-JGK (S.D.N.Y. resolved 2017) (graduate school), *Ganzzermiller et al v University of Maryland Upper Chesapeake Medical Center, et al.*, No. 1:16-cv-03696-CCB (D.Md. resolved 2020) (hospital); *Schwarz et al. v. The Villages Charter School, Inc. et al.*, No 12-cv-00177 (M.D. Fla. jury verdict in favor of Plaintiffs February 2017) (adult education courses), *Ana Christine Shelton, in her capacity as both the natural tutrix of T.A. and S.A. and the administratrix of the succession of Nelson Arce v. The State of Louisiana, et. al,* No. 2:16-cv-14003 (E.D.La. jury verdict in favor of Plaintiff December 2018) (jail and probation). I was lead trial counsel for both *Schwarz et al. v. The Villages Charter School, Inc. et al.*, No 12-cv-00177 (M.D. Fla.) (obtained liability findings after federal jury trial on behalf of all thirty deaf clients and damages as to twenty one.) and *Ana Christine Shelton, in her capacity as both the natural tutrix of T.A. and S.A. and the administratrix of the succession of Nelson Arce v. The State of Louisiana, et. al,* No. 2:16-cv-14003 (E.D.La.) (obtained liability finding after federal jury trial against both defendants for failure to provide decedent with sign language interpreters for probation meetings and in jail).

7. Prior to working at E&B, I worked for the New York City Law Department Family Court Division for seven years where I prosecuted juvenile delinquency cases. As a member of both the Major Case Unit and the Special

3

Victims Unit, I tried over 100 cases and was the recipient of the Legal Rookie of the Year award in 2010.

8.  I have been a trial attorney for my entire legal career, and I have focused on disability discrimination cases involving clients who are deaf and hard of hearing exclusively for the past five years.

9.  I also serve as an adjunct professor at the University of Maryland Carey School of Law where I co-teach the Civil Rights of Persons with Disabilities Clinic.

10. The NAD, founded in 1880, is located in Silver Spring, Maryland. The mission of the NAD is to preserve, protect and promote the civil, human and linguistic rights of deaf and hard of hearing people in the United States of America. The NAD's Law and Advocacy Center was established in 1977.

11. The NAD is one of a small number of offices in the nation that focus on litigating disability discrimination and communication access issues for deaf and hard of hearing individuals such as this action. Litigating communication access cases requires specialized knowledge and skills. As the nation's premier civil rights organization of, by and for deaf and hard of hearing individuals in the United States of America, with a majority of its attorneys Deaf themselves, the NAD is specially equipped to handle these types of cases. As a result, NAD's assistance as co-counsel is frequently sought by other attorneys throughout the nation, and federal courts have long recognized the special expertise of NAD staff. *See, e.g., Argenyi v. Creighton*

4

*University*, 703 F.3d 441 (8th Cir. 2013); *Daniel-Rivera v. Keiser University*, Case No. 0:16-cv-60044-WPD (S.D. Fl. filed 1/7/2016); *Sunderland et al. v. Bethesda Health System, Inc.*, Nos. 16-10980, 16-13327 (11th Cir. 2017); *Innes et al. v. Bd. of Regents of the Univ. Sys. of Md., et al.*, 8:13-cv-02800-DKC (D. Md. 8/6/2015)*;* Brief for the NAD as Amicus Curiae, *Ivy v. Morath*, 137 S.Ct. 414 (2016).

12. In addition to NAD's expertise in the area of civil rights litigation concerning the rights of deaf and hard of hearing individuals and their communication access needs, NAD has extensive experience in litigating communication access cases involving deaf people and law enforcement. *See*, *e.g.*, *Ricardo Harris, et. al., v. Georgia Dep't of Corrections, et. al.*, No. 5:18-cv-365-TES (M.D. Ga. filed July 19, 2019); *John TC Yeh v. United States Bureau of Prisons, et al.*, Case No. 3:18-cv-00943-JMM-MCC, (D. Pa. filed May 3, 2018); *Jarboe, et. al. v. Maryland Dep't of Public Safety and Correctional Services (DPSCS), et. al.*, No. 1:12-cv-00572 (D. Md. 2/20/2015); *Hannah Sabata, et al., v. Nebraska Dep't of Correctional Services, et al.*, No. 4:17-cv-03107-RFR-MDN (D.Ne, filed 8/15/2017).

13. The NAD has also been involved in the litigation of several class action suits, including *Holmes et al. v. Godinez*, Case No. 1:11-cv-02961, N.D. Ill. (May 04, 2011); *Calvin G, et al. v. The Board Of Education, et al*, Case No. 1:90-cv-03428, N.D. Ill. (June 22, 1990); *James Campbell, Complainant/Class Agent v.*

5

*Sonny Perdue, Secretary, U.S. Department of Agriculture*, EEOC Case No. 570-2018-00277, Agency No. CRSD-2014-00665; *National Association of the Deaf, et al. v. Harvard*, Case No. 3:15-cv-30023-MGM, (D. Mass. Feb. 12, 2015); *National Association of the Deaf, et al. v. MIT*, Case No. 3:15-cv-30024-MGM, (D. Mass. Feb. 12, 2015); *Jarboe, et. al. v. Maryland Department of Public Safety and Correctional Services (DPSCS), et. al.*, No. 1:2012-cv-00572 (D. Md. 2/20/2015); and *Ricardo Harris, et. al., v. Georgia Dep't of Corrections, et. al.*, No. 5:18-cv-365-TES; *Hannah Sabata, et al. v. Nebraska Dep't of Correctional Services, et al.*, No. 4:17-cv-03107-RFR-MDN (D. Ne. filed 8/15/2017).

14. The NAD team also includes Anna Bitencourt Emilio. Ms. Bitencourt Emilio received a B.S. from the University of Maryland in 2008 and graduated from the Catholic University Columbus School of Law in May 2012. She is admitted to the Northern District of Georgia for this case *pro hac vice*.

15. Ms. Bitencourt Emilio is a deaf attorney familiar with the communication needs of deaf and hard of hearing individuals and fluent in American Sign Language. She has been a staff attorney at the NAD since July 2015. Prior to joining the NAD, Ms. Bitencourt Emilio was an associate attorney at Dansie & Dansie, LLP in Washington, DC, representing indigent clients and deaf or hard of hearing clients in a variety of legal matters.

16. Ms. Bitencourt Emilio serves as an Adjunct Professor of Law at the University of Maryland Francis King Carey Law School where she co-teaches the Civil Rights of Persons with Disabilities Clinic. She also served as an Adjunct Professor at Gallaudet University where she taught courses on the civil rights of persons with disabilities.

17. Plaintiffs' counsel have the necessary resources to zealously represent the interests of the class. Counsel have expended significant hours and resources investigating and identifying the claims in this matter. They have advanced the costs associated with the litigation to date and will continue to do so. They have expended many hours of time advancing this case and will continue to do so.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in Silver Spring, MD on February 8, 2022.

_____
Brittany Shrader