UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **BRANDON COBB**, *et al.*,<br>Plaintiffs, v.<br><br>**GEORGIA DEPARTMENT OF COMMUUNITY SUPERVISION**, *et al.*,<br>Defendants. | No. 1:19-cv-03285-WMR<br><br>**CLASS ACTION**<br><br>**DECLARATION OF SEAN J. YOUNG IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** |

I, Sean Young, declare:

1. I am the Legal Director of the ACLU of Georgia, where I have worked since 2017. I was previously a Staff Attorney with the ACLU Voting Rights Project, in New York, from 2013 to 2017. I am admitted to practice in Georgia and have been admitted to the bars of the U.S. Supreme Court; the U.S. Courts of Appeals for the First, Fifth, Sixth, Seventh, and Eleventh Circuits; the three U.S. District Courts in Georgia, and the Georgia courts including the Supreme Court of Georgia. I graduated from Yale Law School in 2006 and served as a Law Clerk to the Honorable Ann Claire Williams, U.S. Court of Appeals for the Seventh Circuit, from 2012 to 2013, and as a Law Clerk to the Honorable Laura Taylor Swain, U.S. District Court of the Southern District of New York, from 2007 to 2009. I was also a litigation associate with Skadden, Arps, Slate, Meagher & Flom LLP from 2009 to 2012, and with Hughes, Hubbard & Reed LLP from 2006 to 2007.

1

2. In 2019, I was given the Attorney of the Year Award issued by the Daily Report, and I was also named a Best LGBT Lawyer Under the Age of 40 by the National LGBT Bar Association.

3. I have served as lead counsel in a certified class action for a civil rights lawsuit challenging Wisconsin's voter ID law. *See Frank v. Walker*, 196 F. Supp. 3d 893 (E.D. Wis. 2016).

4. In addition, I have had nearly a decade experience litigating civil rights lawsuits.

a. As the Legal Director of the ACLU of Georgia, I have thus far filed three successful First Amendment challenges. In *Rubin v. Young*, 2019 WL 1418289, No. 1:19-cv-1158-SCJ (N.D. Ga. Mar. 14, 2019), I secured a temporary restraining order, later converted into a final judgment, prohibiting the Capitol Police from banning profanity in the State Capitol Building. In *Rasman v. Stancil*, 1:18-cv-1321-WSD (N.D. Ga. Mar. 29, 2018), Dkt. #3, I secured a temporary restraining order prohibiting the Capitol Police from banning hand-held signs in the State Capitol Building. And in *Solomon v. City of Savannah* (S.D. Ga. 2018), immediately following the lawsuit, the City of Savannah lifted its ban on signs displayed at the St. Patrick's Day Parade in which the Vice President of the United States was a participant.

b. In addition, I have filed three successful voting rights lawsuits. In *Martin v. Kemp*, 341 F. Supp. 3d 1326 (N.D. Ga. 2018), I secured a temporary restraining order enjoining the enforcement of a state law which allowed elections officials to reject absentee ballots due to a signature mismatch without providing due process, an order which the Eleventh Circuit refused to stay, see *Georgia Muslim Voter Project v. Kemp*, 918 F.3d 1262 (11th Cir. 2019), and which resolved when the Georgia General Assembly passed a law resolving the issue. In *Hopkins v. Kemp*, No. 2017CV293325 (Ga. Sup. Ct.), I filed a mandamus action challenging the illegal removal of approximately 160,000 voters from the active voter rolls based on the voters' recent intracounty change of residence, resulting in a settlement restoring those voters. In *ACLU of Georgia v. Fulton Cnty. Bd. of Registration and Elections*, No. 2017CV292939 (Ga. Sup. Ct.), I filed a mandamus action challenging Fulton County's failure to comply with state public notice requirements when voting to close down polling places, resulting in Fulton County's voluntary rescission of that decision.

c. In the last few years, I have also participated as counsel in civil rights actions implicating the Fourth Amendment, reproductive rights, and criminal justice.

5. While at the ACLU Voting Rights Project, I was the lead attorney in *Ohio NAACP v. Husted*, 768 F.3d 524 (6th Cir. 2014), which adopted the ACLU Voting Rights Project's proposed legal standard for vote denial claims under Section

2 of the Voting Rights Act, a legal standard that was then adopted by the Fourth Circuit and the full en banc court of the Fifth Circuit. That litigation resulted in a settlement mandating weekend and evening early voting hours in all Ohio counties, which was the first time any state adopted weekend/evening early voting hours statewide for all elections.

6.  Through these cases and others, I have come to have extensive experience litigation civil rights actions.

7.  The ACLU of Georgia, along with plaintiffs' counsel from the ACLU Disability Rights Program, NAD, and Arnold & Porter Kaye Scholer LLP, have the necessary resources to zealously represent the interests of the class. Counsel have expended significant hours and resources investigating and identifying the claims in this matter. They have advanced the costs associated with the litigation to date and will continue to do so. They have expended many hours of time advancing this case and will continue to do so.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed in Atlanta, Georgia on February 8, 2022.

Sean J. Young