# Exhibit F

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION


BRANDON COBB, et al., etc.,
    Plaintiffs,
                CIVIL ACTION FILE
   vs.             NO. 1:19-cv-03285-WMR
GEORGIA DEPARTMENT OF
COMMUNITY SUPERVISION, et al.,
etc.,
    Defendants.
~~~~~~~~~~~~~~~~~~~~~~~~~


REMOTE VIDEOTAPED DEPOSITION OF
JUDY A. SHEPARD-KEGL, Ph.D.



December 17, 2020
10:19 a.m.




(All attendees appeared remotely via
videoconferencing and/or teleconferencing.)




Joel P. Moyer, CCR 2745

Page 2

1                  APPEARANCES OF COUNSEL

2  On behalf of the Plaintiffs:

3      BRITTANY SHRADER, Esquire
        National Association of the Deaf
4        Law and Advocacy Center
        8630 Fenton Street
5        Suite 820
        Silver Spring, MD 20910
6        (301) 587-1788
        brittany.shrader@nad.org
7
        MARGARET GIRARD, Esquire
8       Arnold & Porter Kaye Scholer, LLP
        601 Massachusetts Avenue, NW
9        Washington, DC 20001
        (202) 942-5000
10       margaret.girard@arnoldporter.com

11      TALILA A. LEWIS, Esquire

12       PO Box 1160
        Washington, DC 20013
13       (540) 786-1325
        talila.a.lewis@gmail.com
14
   On behalf of the Defendants:
15
        GEORGE M. WEAVER, Esquire
16       PAT DUTCHER
        Hollberg & Weaver LLP
17       6185 Mountain Brook Way
        Sandy Springs, GA 30328
18       (404) 760-1116
        gweaver@hw-law.com
19       pdutcher@hw-law.com

20  Videographer:

21       Tony Wicks

22

23

24

25

Page 3

1          INDEX TO EXAMINATIONS

2  WITNESS:  JUDY A. SHEPARD-KEGL, Ph.D.

3  EXAMINATION                    PAGE

4  By Mr. Weaver                    7
   By Ms. Shrader                 212
5
   FURTHER EXAMINATION
6
   By Mr. Weaver                  237
7  By Ms. Shrader                 250

8
                - - -
9
               INDEX TO EXHIBITS
10
    EXHIBITS    DESCRIPTION              PAGE
11
    Exhibit 6  Brandon Cobb text messages      132
12
    Exhibit 7  Brandon Cobb text messages      132
13
    Exhibit 8  Brandon Cobb text messages      132
14
    Exhibit 9  Brandon Cobb text messages      132
15
    Exhibit 26 Brantley County Sheriff's    192
16           Office Sex Offender Registration
             Packet
17
    Exhibit 27 Questionnaire on letterhead of    190
18           the Department of Community
             Supervision, signed 8-26-2019
19
    Exhibit 34 Joseph Nettles text messages    162
20
    Exhibit 35 Joseph Nettles text messages    171
21
    Exhibit 77 Linguistic Consulting Service    14
22           report submitted 8-9-2020

23

24

25

Page 4

1   Exhibit 78 Plaintiffs' Expert Disclosures      16
            Pursuant to Rule 26(a)(2)
2
    Exhibit 79 Joseph Nettles' Smith & Sons       177
3              Seafood employment documentation

4    Exhibit 80 Joseph Nettles video dated        198
            1-29-2020
5
    Exhibit 81 Brandon Cobb video dated 11-7-2019  201
6
    Exhibit 82 Judy Anne Shepard-Kegl Curriculum   254
7              Vitae, dated November 2020

8
    (Original Exhibits 77 through 82 have been attached
9
    to the original transcript.  Exhibits 6 through 9,
10
    26, 27, 34, and 35 were marked in previous
11
    depositions and have not been attached.)
12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 5

1    Deposition of JUDY A. SHEPARD-KEGL, Ph.D.

2        December 17, 2020

3        THE VIDEOGRAPHER:  We are now on the

4  record.  Today's date is December 17th, 2020, and

5  the time is approximately 10:19 a.m.  This will be

6  the remote videotaped deposition of

7  Dr. Shepard-Kegl.

8        Will the attorneys please state their

9  names and the parties they represent.

10        MR. WEAVER:  George Weaver for the

11  defendants.

12        MR. DUTCHER:  Pat Dutcher for the

13  defendants.

14        MS. SHRADER:  Brittany Shrader for the

15  plaintiff.

16        MS. GIRARD:  Maggie Girard for the

17  plaintiffs.

18        THE VIDEOGRAPHER:  Will the court

19  reporter please swear in the witness.

20     (Whereupon the witness was sworn.)

21        THE VIDEOGRAPHER:  You may proceed,

22  Counsel.

23        MR. WEAVER:  All right.  This is George

24  Weaver, one of the attorneys for the defendants in

25  the case.  And this will be the deposition of

Page 6

1 Dr. Judy Shepard-Kegl.  It's taken by agreement of

2 counsel and pursuant to notice, and it's taken

3 remotely using the Zoom platform.  And as I

4 understand it, all -- under the Federal Rules of

5 Civil Procedure, all objections except as to the

6 form of the question, form of the answer, and other

7 matters which could be corrected here are reserved

8 until time of trial or hearing.

9          Anybody want to add something to that?

10          MS. SHRADER:  Obviously, any objections

11 to privilege.  I don't, you know, anticipate we'll

12 run into today, but those are obviously permissible

13 in a deposition.

14          Otherwise, I agree with your

15 characterization, Mr. Weaver.

16          MR. WEAVER:  Okay.  And we have tried

17 to use a uniform set of exhibits using consecutive

18 numbers across all the depositions.  No depositions

19 have been taken, as I recall, since February before

20 the pandemic broke, and the last number we had in

21 Darrell Smith's deposition was 76.

22          So I'm thinking we start at Exhibit

23 Number 77.  Does anybody have a different

24 understanding?  Okay.

25          MS. SHRADER:  Mr. Weaver, you're

1  probably better than mine on the numbering, so I

2  will defer to you on that.

3         MR. WEAVER:  Okay.  Well, let's start

4  at 77.  If we have duplication, then we'll have to

5  figure it out later.

6         JUDY A. SHEPARD-KEGL, Ph.D.,

7  having been first duly sworn, was examined and

8  testified as follows:

9                EXAMINATION

10  BY MR. WEAVER:

11     Q     So Dr. Shepard-Kegl, please state your

12  full name for the record.

13     A     Judy Anne Shepard-Kegl, and that's

14  S-H-E-P-A-R-D dash K-E-G-L, Anne with an E.

15     Q     Okay.  And Dr. Shepard-Kegl, you and I

16  met in court September of 2019 here in Atlanta, and

17  so we met that time, but let me just state a couple

18  of ground rules.

19         I know you've testified many times,

20  probably both in deposition and in court.  But if

21  at any time you don't understand a question that I

22  ask you or some other attorney asks you, can we

23  agree that you'll tell us that so we can repeat the

24  question or rephrase the question to make it clear?

25  Is that acceptable?

1  have in their repertoire, but I would not say

2  that -- I would not put a visual/gestural

3  specialist with them as opposed to an ASL

4  interpreter.  I would use an ASL interpreter.

5           Really nice to have one that does both.

6  That's always a -- you know, a godsend.  But

7  there -- there are plenty of certified deaf

8  interpreters who are not also visual/gestural

9  interpreters.

10      Q     Would you agree, Dr. Shepard-Kegl, that

11  this circumstance you're describing where some deaf

12  persons can communicate better with a

13  visual/gestural specialist also illustrates the

14  variety of needs of deaf people to communicate?

15      A     Yes, it does.  It does.  If you had

16  someone in the system, in the legal system, who

17  didn't have ASL but had -- had the ability to use

18  gesture -- there are some people for whom even the

19  ability to use gesture is absent, and that's even a

20  greater issue.

21           But, yes, it would not -- you could

22  give them all the best ASL interpreters in the

23  world, and you wouldn't be serving their particular

24  need for communication.

25           MR. WEAVER:  Okay.  Well, it's almost

1  1:00.  I'm thinking why don't we take a lunch

2  break, and then after lunch I anticipate maybe

3  another two hours or so to complete the deposition.

4  I can't -- it could be more.  It could be less.

5          THE WITNESS:  I'm available for

6  whatever you need until -- and I have something at

7  5:30, so I don't think you're going to go that

8  long.

9          MR. WEAVER:  No, I don't think we will.

10  All right.

11          THE WITNESS:  So what time do we want

12  to come back?  2:00?  I'm sorry.  You tell me --

13  tell me the time.  For me right now, it's 1:00.

14          THE COURT REPORTER:  Let's go off the

15  video record.

16          THE WITNESS:  So if we go for an hour,

17  I come back at 2:00, but you come back at 1:00 or

18  whatever.

19          THE COURT REPORTER:  Yeah.  Let's go

20  off the video record, and then we can discuss the

21  details.

22          THE WITNESS:  Okay.

23          THE COURT REPORTER:  Is that good?

24          THE VIDEOGRAPHER:  Going off the record

25  at 12:59.

Page 102

1      (Proceedings in recess, 12:59 p.m. to

2      2:00 p.m.)

3         THE VIDEOGRAPHER:  Going back on the

4  record at 2:00.

5  BY MR. WEAVER:

6      Q    Okay.  Dr. Shepard-Kegl, let me call

7  your attention to your report, Exhibit 77, and

8  page 40- -- pages 46 and 47.  Does anybody need me

9  to display those pages, or can you find them on

10  your copies?

11      A    So that I know I've got them, it's

12  probably the bottom of this 46 and 47?

13      Q    Yes.  Let me see if I can --

14      A    Got it.  Yeah, I've got them.

15      Q    -- go to the pages.  Okay.

16      A    Yes.  I'm there.

17      Q    Okay.  So it says here, quote, starting

18  at the bottom of 46, "The final decision of whether

19  remote versus on-site interpreting is effective in

20  any given situation with any given consumer cannot

21  be a blanket business decision on the part of the

22  institution," close quote.

23          So my understanding of what you're

24  saying there is that basically it's a case-by-case

25  question as to whether VRI, which would be a remote

1  mechanism, or a live ASL interpreter should be used

2  for communication.  You can't make that call on a

3  blanket basis; right?

4       A      I think, yeah, you can't make the call.

5  It's not one size fits all, but it's also not even

6  that client can't have it and this client can.

7  Sometimes you need to look at the situation that

8  the person is in and think about whether they --

9  they would -- like if someone's in a very stressful

10  situation or in a lot of pain, their communication

11  dips and they have much -- a much harder time

12  interacting over something like VRI with an

13  interpreter.

14            So it can dip for an individual person.

15  So you just need to listen to the person and what's

16  working or not working for them.  But the big thing

17  is when you -- when you get video remote

18  interpreting, which this -- you probably already

19  know, you get a contract with the company, right,

20  and you have the mechanism.  Now it's on various

21  platforms for individuals to call in.

22            A lot of places -- this isn't

23  necessarily you, but in general, I need to say

24  this -- a lot of places want, okay, we got that;

25  now let's have them do it all.  One size fits all.

1   They do it.

2           And sometimes the problem is that it's

3   not going to work in certain situations or with

4   certain people.  A person who has a visual

5   impairment, it's not going to work well to have

6   VRI.  If the person -- you know, there's a variety

7   of factors that come in.

8           As long as you use VRI with discretion

9   and you're careful with it, I'm not saying, you

10  know, don't use it, but you have to really evaluate

11  the situations in which it's used.  There's --

12  again, it's that diversity of people.  It's not

13  impossible though.

14           I mean, you just -- you listen to what

15  works and doesn't work.  It's not that there aren't

16  solutions out there.  It's just that there's no one

17  good solution that's going to work in every

18  situation.

19   Q     So, again, the different needs of

20  various -- you call them customers?

21   A     Consumers.  I call them consumers.

22   Q     Consumers.  I'm sorry.  The various

23  needs of different consumers when it comes to

24  accommodations for deaf or hearing impairment

25  requires adjustment on the part of the person or

Page 105

1  entity who is attempting to communicate as does the

2  particular situation in question; is that right?

3       A     I think that's true.  I tend to see --

4  I tend to look at the situation and say, this

5  particular situation, this particular kind of

6  interaction requires X, requires X for success.

7                For some individuals if they have

8  really low fund of knowledge or their sign language

9  is atypical, there's a whole set of -- or it's very

10  specialized involvement, yeah, it's going to look

11  like there's -- there's a lot of different needs.

12                Overall, it's not impossible to

13  accommodate those needs.  You just have to

14  understand that they're all different.  You know,

15  you don't find someone with a disability and always

16  give them a wheelchair.  You know, sometimes they

17  need a walker.  Sometimes they need this.

18  Sometimes -- this is the same sort of thing.

19                It's not that -- that impossible, but

20  you can't just assume that what works for one works

21  for everyone.  You know, captioning won't work for

22  everyone.  ASL won't work for everyone.

23       Q     So on page 47, you also say --

24       A     Can you say which paragraph you refer

25  to when we start this?

Page 106

1    Q    Yes, ma'am.  Let me see.  I don't know

2  if I can highlight on here or not.  Can I do that?

3  I don't guess I can.

4    A    I think you can.

5    Q    Okay.  All right.

6    A    See the little thing up at the top?

7  You could -- anyway.  You can even make it yellow,

8  but you can -- you should be able to highlight.

9    Q    Okay.  Well, the sentence that

10  starts --

11    A    Is that the one, with the yellow?

12    Q    Yeah.  Let me get rid of this.  I'm

13  seeing a message here about, you know, do you want

14  to do this or do that.

15        Okay.  Yeah.  The one that starts with

16  "VRI."  It's the last full paragraph before the end

17  of the page.  And the last sentence in that

18  paragraph says, "VRI is effective if used

19  appropriately with discretion and with dependable

20  technology and signal strength."

21        Do you see that sentence?

22    A    Yes.

23    Q    Okay.  So I take it, you're saying --

24  you're telling us in your report here that if the

25  Internet signal is adequate and the devices are

Page 255

1  STATE OF GEORGIA:

2  COUNTY OF FULTON:

3

4      I hereby certify that the foregoing

5      transcript was reported, as stated in the

6      caption, and the questions and answers

7      thereto were reduced to typewriting under my

8      direction; that the foregoing pages represent

9      a true, complete and correct transcript of

10      the evidence given upon said hearing, and I

11      further certify that I am not of kin or

12      counsel to the parties in the case; am not in

13      the employ of counsel for any of said

14      parties; nor am I in any way interested in

15      the result of said case.

16

17

18

19

20

21

22      _____

23          Joel P. Moyer, CCR 2745

24

25

Page 256

1       DISCLOSURE OF NO CONTRACT

2       I, Joel P. Moyer, Certified Court
Reporter, do hereby disclose pursuant to
3  Article 10.B. of the Rules and Regulations of the
Board of Court Reporting of the Judicial Council of
4  Georgia that I am a Georgia Certified Court
Reporter; I was contacted by the party taking the
5  deposition to provide court reporting services of
this deposition; I will not be taking this
6  deposition under any contract that is prohibited by
O.C.G.A. 15-14-27(a) and (b) or Article 7.C. Of the
7  Rules and Regulations of the Board; and I am not
disqualified for a relationship of interest under
8  O.C.G.A. 9-11-28(c).

9       There is no contract to provide reporting
services between myself or any person with whom I
10  have a principal and agency relationship nor any
attorney at law in this action, party to this
11  action, party having a financial interest in this
action, or agent for an attorney at law in this
12  action, party to this action, or party having a
financial interest in this action.  Any and all
13  financial arrangements beyond my usual and
customary rates have been disclosed and offered to
14  all parties.

15       This 6th day of January 2021.

16

17

18

19

20            --------------------------
             Joel P. Moyer, CCR 2745
21            Elizabeth Gallo Court Reporting LLC

22

23

24

25

Page 257

1  CASE:  Brandon Cobb, et al. vs Georgia Dept. of Community Supervision, et al.

2  NAME OF WITNESS:    Judy A. Shepard-Kegl, Ph.D.

3     The preceding deposition was taken

4  in the matter, on the date and at the time and

5  place set out on the title page hereof.

6     It was requested that the deposition

7  be taken by the reporter and that same be

8  reduced to typewritten form.

9     It was agreed by and between counsel

10  and the parties that the deponent will read and

11  sign the transcript of said deposition. Said jurat

12  is to be returned, within 30 days after the transcript

13  is made available, to the following address:

14        Elizabeth Gallo Court Reporting, LLC

15        2900 Chamblee Tucker Road

16        Building 13, First Floor

17        Atlanta, Georgia 30341

18  If an errata is executed and returned

19  to EGCR within the 30 days allocated by law,

20  the executed errata will be sent to the taking

21  attorney for filing with the original transcript.

22  Should an executed errata not be forwarded from

23  EGCR to the taking attorney for filing, the

24  deposition was not reviewed and signed by the

25  deponent within 30 days.

Page 258

1  NAME OF CASE:     Brandon Cobb, et al. vs Georgia Dept. of Community Supervision, et al.
   DATE OF DEPOSITION: 12/17/2020
2  NAME OF WITNESS:   Judy A. Shepard-Kegl, Ph.D.

3  EGCR JOB NO.:     72992

4              CERTIFICATE

5       Before me this day personally
   appeared JUDY A. SHEPARD-KEGL, PH.D., who, being duly
6  sworn, states that the foregoing transcript of
   his/her deposition, taken in the matter, on
7  the date and at the time and place set out on
   the title page hereof, constitutes a true and
8  accurate transcript of said deposition.

9          _____

10            JUDY A. SHEPARD-KEGL, PH.D.

11       SUBSCRIBED and SWORN to before me

12  this _____ day of _____ 20____.

13  in the jurisdiction aforesaid.

14  _____    _____

15  My Commission Expires    Notary Public

16  STATE OF _____

17  COUNTY/CITY OF _____

18

19    []  No changes made to the Errata Sheet;

20  therefore, I am returning only this signed,

21  notarized certificate.

22    []   I am returning this signed,

23  notarized certificate and Errata Sheet with

24  changes noted.

25

Page 259

1       Errata Sheet

2  NAME OF CASE:    Brandon Cobb, et al. vs Georgia Dept. of Community Supervision, et al.

3  DATE OF DEPOSITION: 12/17/2020

4  NAME OF WITNESS:   Judy A. Shepard-Kegl, Ph.D.

5  Reason Codes:  1. To clarify the record

6       2. To correct transcription errors

7       3. Other

_____

8 _____

9  Page _____ Line _____ Reason _____

10  From _____ to _____

11  Page _____ Line _____ Reason _____

12  From _____ to _____

13  Page _____ Line _____ Reason _____

14  From _____ to _____

15  Page _____ Line _____ Reason _____

16  From _____ to _____

17  Page _____ Line _____ Reason _____

18  From _____ to _____

19  Page _____ Line _____ Reason _____

20  From _____ to _____

21  Page _____ Line _____ Reason _____

22  From _____ to _____

23

24  SIGNATURE:_____DATE:_____

25      Judy A. Shepard-Kegl, Ph.D.

Page 260

1        Errata Sheet

2  NAME OF CASE:       Brandon Cobb, et al. vs Georgia Dept. of Community Supervision, et al.

3  DATE OF DEPOSITION: 12/17/2020

4  NAME OF WITNESS:    Judy A. Shepard-Kegl, Ph.D.

5  Reason Codes:  1. To clarify the record

6         2. To correct transcription errors

7         3. Other
   _____
8  _____

9  Page _____ Line _____ Reason _____

10 From _____ to _____

11 Page _____ Line _____ Reason _____

12 From _____ to _____

13 Page _____ Line _____ Reason _____

14 From _____ to _____

15 Page _____ Line _____ Reason _____

16 From _____ to _____

17 Page _____ Line _____ Reason _____

18 From _____ to _____

19 Page _____ Line _____ Reason _____

20 From _____ to _____

21 Page _____ Line _____ Reason _____

22 From _____ to _____

23

24 SIGNATURE:_____DATE:_____

25        Judy A. Shepard-Kegl, Ph.D.