# Exhibit W

1

2          IN THE UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF GEORGIA
3                   ATLANTA DIVISION

4

   BRANDON COBB, ET AL.,        )
5  ETC.,                        )
                                )
6             Plaintiffs,       )
                                ) CIVIL ACTION FILE
7         vs.                   )
                                ) NO: 1:19-CV-03285-WMR
8  GEORGIA DEPARTMENT OF        )
   COMMUNITY SUPERVISION,       )
9  ET AL., ETC.,                )
                                )
10            Defendants.       )

11

12

13

14

15

16      VIDEOTAPED DEPOSITION OF DARRELL E. SMITH
17                 ATLANTA, GEORGIA
18           FRIDAY, FEBRUARY 21, 2020
19

20

21

22

23  REPORTED BY:  TANYA L. VERHOVEN-PAGE,
                  CCR-B-1790
24

25  FILE NO.  176406

Page 2

1

2              February 21, 2020

3                 9:08 a.m.

4

5          Videotaped deposition of

6   DARRELL E. SMITH, held at the Georgia

7   Attorney General's Office, 254 Washington

8   Street, Atlanta, Georgia before

9   Tanya L. Verhoven-Page, Certified Court

10  Reporter and Notary Public of the State of

11  Georgia.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

 1
 2                  APPEARANCES OF COUNSEL
 3

    On behalf of the Plaintiffs:
 4
            NATIONAL ASSOCIATION OF THE DEAF
 5          8630 Fenton Street
 6          Silver Spring, Maryland 20910
 7          BY:  BRITTANY SHRADER, ESQ.
 8
            ARNOLD PORTER KAYE SCHOLER
 9          601 Massachusetts Avenue, N.W.
            Washington, D.C. 20001
10
            BY:  MARGARET GIRARD, ESQ.
11
12
13
14  On behalf of the Defendants:
15          HOLLBERG & WEAVER
            2921 Piedmont Road, N.E.
16
            Atlanta, Georgia 30305
17
            BY:  GEORGE WEAVER, ESQ.
18
            BY:  PAT DUTCHER, ESQ.
19
20  ALSO PRESENT:  James Knox, Esq.
21
    THE VIDEOGRAPHER: Rick Richey
22
23                     -     -     -
24
25

```
 1
 2                      I N D E X
 3
 4            WITNESS: DARRELL E. SMITH
 5
 6    Examination                          Page
 7  BY MS. SHRADER                          10
    BY MR. WEAVER                          320
 8  BY MS. SHRADER                         329
 9
10                    EXHIBITS:
11     Smith
    Deposition
12    Exhibit              Description      Page
13
    Exhibit 58       Declaration of Darrell
14                   E. Smith               26
15  Exhibit 59       Second Declaration of
                     Darrell E. Smith       27
16
    Exhibit 60       Document bearing Bates
17                   numbers DCS D-001817
                     through DCS D-001818   50
18
    Exhibit 61       Document bearing Bates
19                   numbers DCS D-002134
                     through DCS D-002135   71
20
    Exhibit 62       Picture of universal
21                   sign language symbol
                     for interpreter        79
22
    Exhibit 63       Document bearing Bates
23                   numbers DCS D-002165
                     through DCS D-002175  169
24
    Exhibit 64       Document bearing Bates
25                   number DCS D-002178   174
```

Page 5

```
 1
 2                      EXHIBITS:
 3
    Smith
 4  Deposition
     Exhibit            Description            Page
 5
 6  Exhibit 65     Department of
                   Community Supervision
 7                 website                     182
 8  Exhibit 66     Video                       183
 9  Exhibit 67     Adult Felony Probation
                   and Supervision page        189
10
    Exhibit 68     Standard Conditions
11                 of Supervision page         189
12  Exhibit 69     Louisiana Department
                   of Public Safety
13                 and Corrections
                   website, Probation
14                 and Parole Resources
                   in American Sign
15                 Language page               192
16  Exhibit 70     Video entitled
                   Conditions of Parole
17                 Supervision                 193
18  Exhibit 71     Department of Community
                   Supervision ADA
19                 Reasonable Accommodations
                   Request Form                233
20
    Exhibit 72     Document bearing Bates
21                 numbers DCS D-002128
                   through DCS D-002132        272
22
    Exhibit 73     Document bearing Bates
23                 number DCS D-002131         302
24
25
```

Page 6

```
 1
 2                    EXHIBITS:
 3

      Smith
 4    Deposition
       Exhibit           Description           Page
 5
 6    Exhibit 74      Language Identification
                      Guide                     308
 7
      Exhibit 75      Document bearing Bates
 8                    number DCS D-002133       315
 9    Exhibit 76      Department of Community
                      Supervision Policy &
10                    Procedure Statement       326
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 7

1
2                            EXHIBITS:
3

      Previously
4     marked
      Deposition
5      Exhibit              Description              Page
6

      Exhibit 11           Department of Community
7                          Supervision Policy &
                           Procedure Statement
8                          Effective Date November
                           25, 2015                      160
9

      Exhibit 12           Department of Community
10                         Supervision Policy &
                           Procedure Statement
11                         Effective Date November
                           29, 2019                      169
12

      Exhibit 18           October 8, 2019
13                         e-mail                        88
14    Exhibit 49           Earnest Wilson forms     119
15
16
17
18
19
20
21
22
23
24
25

Page 8

1                      D. SMITH

2     ATLANTA, GEORGIA; FRIDAY, FEBRUARY 21, 2020

3                      9:08 A.M.

4

5            P R O C E E D I N G S

6

7           THE VIDEOGRAPHER:  Good morning,

8     ladies and gentlemen.  This is the

9     beginning of media number one in the

10    video recorded deposition of Derrell E.

11    Smith.  Today's date is February 21st,

12    2020.  It's 9:08 a.m.

13           The case is Brandon Cobb, et al.,

14    Plaintiffs, versus Georgia Department of

15    Community Supervision, et al.,

16    Defendants; Civil Action No.

17    1:19-CV-03285-WMR in the United States

18    District Court, Northern District of

19    Georgia, Atlanta Division.

20           Today's deposition is being held at

21    the Georgia Law Department, 254

22    Washington Street, Atlanta, Georgia

23    30334.

24           My name is Rick Richey.  I'm the

25    videographer.  The court reporter is

1                     D. SMITH

2      Tanya Page, and we represent TSG

3      Reporting.

4           Would the attorneys please

5      introduce themselves.

6           MS. SHRADER:  Brittany Shrader with

7      the National Association of the Deaf for

8      Plaintiffs.

9           MS. GIRARD:  Maggie Girard with

10     Arnold Porter for Plaintiffs.

11          MR. WEAVER:  George Weaver with the

12     Georgia Attorney General's Office and

13     Hollberg & Weaver representing

14     defendants.

15          MR. DUTCHER:  Pat Dutcher with

16     Hollberg & Weaver representing the

17     Defendants.

18          MR. KNOX:  James Knox, general

19     counsel for the Department of Community

20     Supervision.

21          THE VIDEOGRAPHER:  Would the court

22     reporter please swear the witness.

23

24   Thereupon --

25                DARRELL E. SMITH,

Page 10

1                          D. SMITH

2        called as a witness, having been first duly sworn,

3        was examined and testified as follows:

4

5                          EXAMINATION

6    BY MS. SHRADER:

7        Q     Good morning.

8        A     Good morning.

9        Q     I know that we introduced ourselves to

10   you outside, but just to introduce ourselves again,

11   my name is Brittany Shrader.  Here with me is Maggie

12   Girard.  We represent the Plaintiffs in this case.

13       A     Yes, ma'am.

14       Q     So just kind of before we begin, I want

15   to lay out a few ground rules for depositions.  I

16   don't know if you've had a deposition in the past.

17             Have you been involved with a deposition

18   in the past?

19       A     Uh-huh.

20       Q     So we're going to come back to that in a

21   minute, but just to lay out some of the ground rules.

22             I'm going to be asking you a series of

23   questions.  We have Tanya, who's sitting next to me,

24   is going to be writing down everything that we're

25   saying.

1                          D. SMITH

2         A     Yes, ma'am.  As of this time.

3         Q     Okay.  And since taking over this role in

4    September of 2019, what strategic plans have you

5    created or developed for the agency at this point?

6         A     Training for our team as far as

7    working -- work -- being able to know how to utilize

8    Georgia Relay Options, working with our team as far

9    as getting VRI set up for us.  Also, working on our

10   ADA plan -- our ADA policy for Title II, as well.

11        Q     Okay.  And all of those things that you

12   just mentioned are kind of related to what we've been

13   talking about in terms of effective communication; is

14   that fair?

15        A     Yes, ma'am.

16        Q     And is it fair to say that you created

17   these, you know, strategic plans based on what you

18   were told when you took over in September 2019 about

19   the concerns surrounding effective communication?

20        A     That -- that's part of it.  We have -- as

21   an ADA person, I have to look at all the ADA needs

22   that we're going to have for anyone who has

23   disabilities.  So, obviously, the policy we looked at

24   has to look for all people with disabilities, the

25   trainings and things of that nature, to find out what

Page 54

D. SMITH

1  we have available for all different things.

2          For like Georgia Relay Options, Georgia

3  Relay Options not only does someone with a hearing

4  disability, but they also assist someone who is

5  blind, who has a seeing disability.  So I'm looking

6  at avenues and processes that can assist us for

7  people with all disabilities.

8          Q    And you mentioned that Georgia Relay

9  could assist you with a person who is blind.  Can you

10 expound upon that?

11         A    Yes, I was talking to them about possibly

12 translating, you know, something with braille, doing

13 the braille typing and that information, with my --

14 with my connection over there.

15         Q    And what did they tell you about braille

16 typing?

17         A    That they're able to provide that.

18         Q    And when did you first learn this?

19         A    That was in September, September or

20 October of 2019.

21         Q    Okay.  And do you recall who your contact

22 is over at Georgia Relay?

23         A    I can't remember his name right offhand.

24 It's the gentleman -- he's their community

```
1                      D. SMITH
2  coordinator.
3       Q     Community coordinator?
4       A     Yes, ma'am.
5       Q     And specifically in terms of setting up
6  VRI --
7       A     Yes, ma'am.
8       Q     -- was that done in response to the
9  concerns about effective communication?
10       A     We had to have effective communication.
11  We had it set up where we already had interpreters,
12  but we were looking for another way for our officers
13  to be able to speak with offenders who had dis--
14  speaking disabilities out in the field, as well.
15       Q     And when you say that you already had
16  interpreters, did you have a contract with an
17  interpreting agency?
18       A     Yes, ma'am.  We have a state contract
19  with AllWorld that's utilized -- AllWorld that's
20  utilized for us to get interpreters for them.
21       Q     Okay.  And you mentioned in terms of
22  setting up VRI that you wanted an option that your
23  CSOs could use in the field?
24       A     Yes, ma'am.
25       Q     Were CSOs able to obtain interpreters
```

Page 56

1                          D. SMITH

2     from AllWorld for field interactions?

3          A     We don't do that.  We don't do the field

4     interaction with AllWorld.  And the reason that is,

5     because of the safety.

6                When they go out to the field, having a

7     person go out there to the field, because of -- our

8     officers have to carry a weapon.  Oftentimes they

9     find paraphernalia and drugs and things of that

10    nature and we don't want that particular person to be

11    injured.

12         Q     And who developed this policy that

13    in-person interpreters couldn't be used for field

14    interactions because of safety concerns?

15         A     That's just from our field operations

16    perspective, because we're a law enforcement agency.

17         Q     No, I understand, but I guess I want to

18    know where that policy comes from.  Who developed it?

19         A     I'm not sure, ma'am.  That came from the

20    field operations, as I stated.

21         Q     And who is in charge of field operations?

22         A     David Morrison.

23         Q     Okay.  And as the safety manager, were

24    you tasked with doing an assessment in terms of

25    whether or not there was, in fact, a safety risk to

Page 57

                              D. SMITH

1

2      taking interpreter out in the field?

3           A     No, ma'am.  Not from that perspective.

4      No, ma'am.

5           Q     Have you done any research into what

6      other state agencies, divisions of probation and

7      parole do in terms of field interactions with

8      interpreters?

9           A     I have not.

10          Q     Would it surprise you to learn that other

11     state agencies actually do take sign language

12     interpreters into the field for field interactions?

13          A     I'm actually --

14                MR. WEAVER:  Objection.  Assumes

15          facts not in evidence.

16     BY MS. SHRADER:

17          Q     You can respond.

18          A     I'm actually unaware what the other state

19     agencies do.

20          Q     And that's because you haven't looked

21     into it?

22          A     No, I'm aware that as a safety manager

23     that several of our officers have gotten injured

24     already, so that it would be a safety risk.

25          Q     Is it fair to say that going into

Page 58

1                               D. SMITH

2   someone's home without a way to communicate with them

3   could pose a safety risk?

4        A     It could, but they have a way to

5   communicate with them now.

6        Q     Well, that wasn't my question, though.

7              My question was going into someone's home

8   without a way to effectively communicate with them

9   could pose a safety risk; is that correct?

10             MR. WEAVER:  Well, let me object

11        because you're misstating the testimony

12        and assuming facts not in evidence.  He

13        said there is a way to communicate.

14             MS. SHRADER:  But that wasn't my

15        question.

16   BY MS. SHRADER:

17        Q     My question was:  Going into someone's

18   home without a way to effectively communicate with

19   them could pose a safety risk, correct?

20        A     I disagree.

21        Q     So you think that going into someone's

22   home and not being able to communicate with them is

23   perfectly safe?

24        A     Again, as I stated, if someone -- there's

25   a way for them to communicate with them via --

Page 333

1                         D. SMITH

2                (Thereupon, the deposition was

3          concluded at approximately 5:20 p.m.)

4

5

6

7

          _____

8                    DARRELL E. SMITH

9

10

11    Subscribed and sworn to before me

12    this_____ day of_____, 2020.

13    _____

14

15

16

17

18

19

20

21

22

23

24

25

Page 334

1

2                    D I S C L O S U R E

3

4   STATE OF GEORGIA     )   DEPOSITION OF:

5

6   FULTON COUNTY        )   DARRELL E. SMITH

7

8        Pursuant to Article 8.B of the Rules and
    Regulations of the Board of Court Reporting of the
9   Judicial Council of Georgia, I make the following
    disclosure:

10

        I am a Georgia Certified Court Reporter.  I am
11  here as a representative of TSG Reporting.

12       TSG Reporting was contacted by the offices of
    American Civil Liberties Union Foundation to provide
13  court reporting services for this deposition.  TSG
    Reporting will not be taking this deposition under
14  any contract that is prohibited by O.C.G.A. 15-14-37
    (a) and (b).

15

        TSG Reporting has no contract or agreement to
16  provide court reporting services with any party to
    the case, or any reporter or reporting agency from
17  whom a referral might have been made to cover the
    deposition.

18

        TSG Reporting will charge its usual and
19  customary rates to all parties in the case, and a
    financial discount will not be given to any party in
20  this litigation.

21

22  Dated: 3-4-2020

23

24  _____

        Tanya L. Verhoven-Page,
25      Certified Court Reporter,

1

2                        C E R T I F I C A T E

3

4    STATE OF GEORGIA:

5    FULTON COUNTY:

6

7                I hereby certify that the foregoing

8         deposition was reported, as stated in the

9         caption, and the questions and answers

10        thereto were reduced to written page

11        under my direction, that the preceding

12        pages represent a true and correct

13        transcript of the evidence given by said

14        witness.

15                I further certify that I am not of

16        kin or counsel to the parties in the

17        case, am not in the regular employ of

18        counsel for any of said parties, nor am I

19        in any way financially interested in the

20        result of said case.

21                Dated this 4th day of March, 2020.

22

23        _____

          Tanya L. Verhoven-Page,
24        Certified Court Reporter,
          B-1790.

25

Page 336

1

2              ERRATA SHEET FOR THE TRANSCRIPT OF:

3    Case Name:          Cobb v. Georgia Department

4    Dep. Date:          February 21, 2020

5    Deponent:           Darrell E. Smith

6                           CORRECTIONS

7    Pg.    Ln.    Now Reads          Should Read      Reason

8    _____ _____ _____ _____ _____

9    Pg.    Ln.    Now Reads          Should Read      Reason

10   _____ _____ _____ _____ _____

11   Pg.    Ln.    Now Reads          Should Read      Reason

12   _____ _____ _____ _____ _____

13   Pg.    Ln.    Now Reads          Should Read      Reason

14   _____ _____ _____ _____ _____

15   Pg.    Ln.    Now Reads          Should Read      Reason

16   _____ _____ _____ _____ _____

17   Pg.    Ln.    Now Reads          Should Read      Reason

18   _____ _____ _____ _____ _____

19   Pg.    Ln.    Now Reads          Should Read      Reason

20   _____ _____ _____ _____ _____

21                        _____

                               Signature of Deponent

22   SUBSCRIBED AND SWORN BEFORE ME

23   This the_____ day of_____, 2020.

24   _____

25   (Notary Public)    My Commission Expires:_____