IN THE SUPERIOR COURT FOR THE

COUNTY OF GORDON, STATE OF GEORGIA

THE STATE OF GEORGIA          *   CASE NO. 24286
                              *
                              *
-VS-                          *
                              *
CARLOS HERRERA                *

\* \* \* \* \* \* \* \* \* \*

**PLEA OF GUILTY**

JUNE 19, 2014
GORDON COUNTY COURTHOUSE
CALHOUN, GEORGIA

**THE HONORABLE D. SCOTT SMITH PRESIDING**

\* \* \* \* \* \* \* \* \* \*

TRANSCRIPT OF PROCEEDINGS
(Pages 1 through 15)

\* \* \* \* \* \* \* \* \* \*

APPEARANCES OF COUNSEL:

For the State:                          For the Defendant:

Stewart Bratcher, Asst. DA              Ed Dettmar, Attorney at Law
District Attorney's Office              Public Defender's Office
Cherokee Judicial Circuit               Cherokee Judicial Circuit
100 S. Wall Street Suite #2             101 Boston Road
Calhoun, Georgia 30701                  Calhoun, Georgia  30701

INTERPRETER:   TERRY GRISWOLD-GARCIA

\* \* \* \* \* \* \* \* \* \*

JONI L. PARKER
OFFICIAL COURT REPORTER
CHEROKEE JUDICIAL CIRCUIT
135 W. CHEROKEE AVENUE
CARTERSVILLE, GEORGIA 30120
(770) 548-3908



1

1  (Calhoun, Gordon County, Georgia; Tuesday, June 19,
2  2014; in open court:)
3      MR. BRATCHER: Mr. Herrera.
4      (Whereupon, the defendant and his counsel, Mr. Dettmar,
5  approached the podium. Mr. Dettmar and the defendant confer
6  briefly and then Mr. Dettmar approached the bench and
7  addressed the Court as follows:)
8      MR. DETTMAR: And this has == Your Honor, there's the
9  special conditions and, as usual, there are a few I'd like
10 to address with the Court.
11     THE COURT: Okay. All right, Mr. Bratcher you want to
12 swear your interpreter?
13     MR. BRATCHER: Yes, sir. Ma'am, will you raise your
14 right hand for me, please?
15     (Whereupon, the interpreter raised her right hand.)
16     MR. BRATCHER: Do you solemnly swear or affirm any ==
17 that you will faithfully and to the best of your ability
18 translate from American Sign Language into English and
19 English into American Sign Language, so help you, God?
20     THE INTERPRETER: Yes, I do.
21     MR. BRATCHER: And can you put your name on the record
22 for us, please?
23     THE INTERPRETER: My name is Terry, T-E-R-R-Y, last
24 name and hyphenated, Griswold, G-R-I-S-W-O-L-D, Garcia
25 (Griswold-Garcia).

```
 1       MR. BRATCHER:  And are you certified as an interpreter
 2   in American Sign Language?
 3       THE INTERPRETER:  Yes, I am.
 4       THE COURT:  And have you acted as an interpreter in the
 5   courts of this circuit before?
 6       THE INTERPRETER:  Not in court in Calhoun.
 7       MR. BRATCHER:  Okay.  You were in ==
 8       THE INTERPRETER:  I was in Bartow.
 9       MR. BRATCHER:  In Bartow?
10       THE INTERPRETER:  Yes ==
11       MR. BRATCHER:  Okay.
12       THE INTERPRETER:  == this week.  And I've been all over
13   the State as well.
14       MR. BRATCHER:  Okay.  Have you had a chance to
15   communicate with Mr. Herrera?
16       THE INTERPRETER:  Just briefly.
17       MR. BRATCHER:  Any problems or difficulties
18   communicating with him?
19       THE INTERPRETER:  Not at all.  He understands me very
20   clearly.
21       MR. BRATCHER:  And we would offer her as an interpreter
22   for purposes of the plea.
23       THE COURT:  Do you accept her as such, Mr. Dettmar?
24       MR. DETTMAR:  I do, Your Honor.
25       THE COURT:  All right.  Ma'am, I'll just tell you that
```

1  if I get to going too fast or if anyone else is going too
2  fast, just let us know and we can slow down.
3           THE INTERPRETER: Okay, that's fine. Thank you.
4           THE COURT: All right. This is Case 24286. This is
5  The State versus Carlos Herrera. Mr. Herrera is present and
6  he is charged in this bill of indictment with six counts of
7  child molestation. He is present and represented by his
8  attorney, Mr. Dettmar. Mr. Stewart Bratcher is representing
9  the State.
10          Mr. Bratcher, if you will give the Court your facts and
11 your recommendation, please.
12          MR. BRATCHER: Judge, this case occurred between August
13 of 2012 and May of 2013. Mr. Herrera was living in a home
14 along with several other people, including a fourteen-year-
15 old, who was the victim in this case. During the course of
16 their living in the house together, they became engaged in a
17 relationship which involved the touching of each other's
18 private parts, things of that nature. I could dictate those
19 orally, but they're pretty well laid out in Counts 1 through
20 5 of the indictment. I believe it was different touchings
21 in two separate instances that were charged.
22          Count 6, actually, was a charge relating to another
23 younger child in the house. In reviewing this case for
24 trial, meeting with all the witnesses and what not, it's the
25 State's belief that there is insufficient evidence to go

```
 1         forward on that count.  We think there probably was a
 2         touching of some sort, but it was more related to a bath-
 3         time situation where there wasn't a clear intent to arouse
 4         sexual desires involved with it, and, as a result, we've
 5         agreed to nolle prosse that count pursuant to the
 6         negotiations.
 7              The recommendation on Count 1 is a twenty-year
 8         sentence, with five years to serve in custody, and a fine in
 9         the amount of one thousand dollars.
10              Count 2 would be ten years to be served on probation
11         consecutive to Count 1.
12              Counts 3 through 5 would all be five years to serve
13         concurrent with Count 1 for a total sentence of thirty years
14         with five years to serve.
15              It would be a condition of his probation that he follow
16         the special conditions applicable to sex offenders and, of
17         course, this would be an offense that would require registry
18         by statute.
19              (All answers given by the defendant will be answered
20         through the interpreter using American Sign Language.)
21              Mr. Herrera, will you raise your right hand for me,
22         please?
23              (Whereupon, the defendant raised his right hand.)
24              MR. BRATCHER:  Do you solemnly swear or affirm any
25         testimony or evidence you give in the matter before the
```

1  Court will be the truth, the whole truth, and nothing but
2  the truth, so help you, God?
3         THE DEFENDANT: Yes, I do.
4         THE COURT: Mr. Dettmar, anything you want to say on
5  behalf of Mr. Herrera?
6         MR. DETTMAR: Your Honor, I've had the opportunity to
7  talk to Mr. Herrera for over a year now with this case,
8  sporadic, going through, mainly, Mr. McDonald, the
9  interpreter, who has left us. I do feel like this is a fair
10 resolution to this matter. I do ask the Court to accept the
11 recommendation. If Mr. Herrera is to do any additional
12 talking, he has requested that he be allowed to uncuff his
13 hands so he can == he's had difficulty expressing himself
14 with his hands cuffed together.
15        THE COURT: All right. In order for him to communicate
16 with the interpreter, he needs the use of his hands; is that
17 what you're telling me?
18        THE DEFENDANT: Yes.
19        THE COURT: All right.
20        MR. DETTMAR: If == anything beyond a yes or no
21 situation.
22        THE COURT: Okay. Well, I'm not going to violate the
23 Sheriff's protocol at this point, but if he has something he
24 needs to address, I will let them do that at that point if
25 there's something he needs to say more than yes or no. All

6

```
 1   right?
 2        MR. DETTMAR:  Yes, sir.
 3        THE COURT:  In that light, Mr. Herrera, you do have a
 4   right to say something to me now.  Do you want me == do you
 5   want to say something to the Court before we go forward?
 6        THE DEFENDANT:  These can stay, I guess.  I can just
 7   sign with them on.  I'll try.
 8        (Whereupon, Mr. Dettmar confers with the defendant
 9   through the interpreter.)
10        THE COURT:  All right.  Anything you want to say before
11   we go forward?
12        THE DEFENDANT:  No, everything is fine.
13        THE COURT:  All right.  Mr. Herrera, I'm going to ask
14   you some questions about your rights.  The questions I'm
15   going to ask you are mostly yes or no answers and asking if
16   you understand something, so these should not be difficult
17   to answer.
18        THE DEFENDANT:  Okay.
19        THE COURT:  Please make sure that you sign clearly so
20   that the interpreter can give me your answer correctly.
21        THE DEFENDANT:  Okay.
22        THE COURT:  Mr. Herrera, are you under the influence of
23   any substance today including any kind of medication that
24   would affect your ability to understand me?
25        THE DEFENDANT:  No, sir.
```

1  THE COURT: You have an absolute right to remain
2  silent. That means you do not have to enter this plea of
3  guilt through your interpreter, which means you can await a
4  trial in this case. These charges are felonies. Felonies
5  == these felonies could carry up to twenty years in prison
6  per count. That could be a total of up to a hundred and
7  twenty years in prison. Has anyone threatened you or
8  promised anything to you to get you to plead guilty here
9  today?
10  THE DEFENDANT: No.
11  THE COURT: Are you doing this freely and voluntarily?
12  THE DEFENDANT: Yes, I am.
13  THE COURT: You have an absolute right to take this
14  case to trial. That could be before a judge or before a
15  jury. You would be present at the trial with your attorney,
16  Mr. Dettmar, who could assist you in representing yourself
17  in questioning all of the State's witnesses, in reviewing
18  their evidence. You have the right to present your own
19  evidence. You have the right to testify, but you cannot be
20  forced to testify against your will.
21  Now, Mr. Herrera, all of these rights are yours, but a
22  guilty plea in this case waives these rights and your case
23  will end in a sentence today.
24  THE DEFENDANT: I am guilty, sir.
25  THE COURT: Well, let me finish what I was saying. If

you plead guilty, you waive these trial rights and your case ends today in a sentence without a trial. Do you understand that?

THE DEFENDANT: Yes, I do.

THE COURT: Part of your sentence is going to require that you be on probation. Probation is supervised by the Department of Corrections. They require that you follow the State's general and special conditions of probation, which are contained on this document. Did you go over these conditions with Mr. Dettmar?

THE DEFENDANT: Yes, we did. We already have.

THE COURT: Do you understand these rules and conditions?

THE DEFENDANT: Yes, I do understand them.

THE COURT: Do you agree to accept and follow the general and special conditions of probation while you serve this sentence?

THE DEFENDANT: Yes, I do.

THE COURT: Mr. Herrera, your failure to follow these rules while on probation could result in you being revoked, which means that you could be placed in prison for additional time for failure to comply with these rules.

THE DEFENDANT: Okay, I understand.

THE COURT: Have you had enough time to talk to Mr. Dettmar?

|   |   |
|---|---|
| 1 | THE DEFENDANT: Yeah, I think we've had enough time. |
| 2 | THE COURT: Are you satisfied with his representation |
| 3 | of you? |
| 4 | THE DEFENDANT: Oh, yes, I'm very happy with the |
| 5 | support, yes. |
| 6 | THE COURT: Do you have any questions you wish to ask |
| 7 | him now? |
| 8 | THE DEFENDANT: I don't think so. I can't think of |
| 9 | anything. |
| 10 | THE COURT: Mr. Dettmar, do you believe that Mr. |
| 11 | Herrera has been adequately advised of his rights? |
| 12 | MR. DETTMAR: I do, Your Honor. |
| 13 | THE COURT: Did you go over his rights and this |
| 14 | documentation with him? |
| 15 | MR. DETTMAR: Yes, I did, through Mr. McDonald, another |
| 16 | certified interpreter. |
| 17 | THE COURT: All right. Mr. Herrera, I want you to look |
| 18 | at this form that I have here (indicating). |
| 19 | THE DEFENDANT: Yes; uh-huh. |
| 20 | THE COURT: Did you go over this with the interpreter |
| 21 | and Mr. Dettmar? |
| 22 | THE DEFENDANT: Yes, we did. |
| 23 | THE COURT: Did you understand these questions that |
| 24 | were asked on this document? |
| 25 | THE DEFENDANT: Yes, I did. |

```
 1      THE COURT: Did you sign this document on the second
 2   page indicating that you understand it?
 3      THE DEFENDANT: Yes, that is my signature. I did sign
 4   it.
 5      THE COURT: I'll incorporate The Written Defendant's
 6   Statement Regarding Guilty Plea into this process, and
 7   together with Mr. Herrera's testimony, I find that he has
 8   knowledge and understanding of his Constitutional rights.
 9      Mr. Herrera, how do you plea to five counts of child
10   molestation, guilty or not guilty?
11      THE DEFENDANT: Guilty, sir.
12      THE COURT: I accept his plea of guilt. I find that
13   he's given it freely and voluntarily and with knowledge of
14   his rights. I will adjudicate him guilty of Counts 1
15   through 5, to child molestation, in Case 24286, and I will
16   sentence him as Mr. Bratcher has recommended.
17      Count 1 will be a twenty-year sentence with five years
18   to serve incarcerated, the balance of fifteen years to be
19   served on probation. He will pay a one thousand dollar fine
20   plus the surcharges and they will collect that fine at a
21   rate of forty dollars per week. He will pay a thirty-two
22   dollar-a-month probation maintenance fee.
23      As to Count 2, it will be ten years of probation
24   consecutive to Count 1.
25      Counts 3, 4 and 5 will all be five years to serve
```

concurrent with Count 1.

The Court will allow the State to nolle prosse Count 6 and that will be a total sentence of thirty years to serve five. The State has asked for the Court to impose the sex offender special conditions of probation, which I have here in my hand. Mr. Dettmar, you wanted to speak as to some of those before I sign these conditions?

MR. DETTMAR: Yes. Thank you, Your Honor. What I'm asking the Court to do is not require specific requirements that are listed there that we have discussed in prior cases. Specifically, I'm asking that No. 6 not be required, the one for any type of image of a minor, whether it be through video, photograph, or whatever. This is being overly broad and impractical to follow. Any publication, video, anything is likely to contain some image of a minor. I believe the true concern is better addressed in one of the other requirements that state he have no sexually explicit material of any kind. I'm also asking that Paragraph No. 12 not be required. That's ==

THE COURT: Well, that's a given. I'm not going to sign that one.

MR. DETTMAR: That's dealing with the polygraph and plethysmograph. Eighteen, driving log, is usually struck == stricken == not required. And No. 19, I just ask that that be modified so that he may drive alone, but strike the word

*especially,* so he may not drive alone through parks, playgrounds and areas where children congregate.

THE COURT: All right. I also don't require the hitchhiking thing because I don't really see the difference between what that really means, but I'm not going to require that.

Anything you wish to speak to as to any of those, Mr. Bratcher?

MR. BRATCHER: No, sir.

MR. DETTMAR: I don't believe that Mr. Herrera drives anyway.

THE COURT: Okay.

THE DEFENDANT: No, I don't.

THE COURT: I will require a certain form of No. 6. What I do is I put: You will not create, possess, access, or control any type of photograph, video rendering, digital imagery of a minor in a lewd or sexually explicit format, which pretty much covers any type of pornography.

All right, Mr. Herrera, you do understand that these sex offender special conditions of probation will be applicable to your case; is that correct?

THE DEFENDANT: Yes.

THE COURT: All right. And you do understand that you're required to follow these in addition to the general and special conditions of probation?

```
 1    THE DEFENDANT:  Yes.
 2    THE COURT:  Mr. Herrera, I also want to advise you
 3    that, as a person being convicted of a sex offense, you are
 4    required to register as a sex offender when you are released
 5    from custody.  You need to consult with your probation
 6    officer and the local sheriff's office where you're going to
 7    reside as to when and where you should do that.
 8    THE DEFENDANT:  Okay.
 9    THE COURT:  All right.  He has thirty days to appeal
10    this process and up to four years to file a habeas corpus
11    petition.  All right, that will conclude this matter.
12    MR. DETTMAR:  Thank you, Your Honor.
13    (Whereupon, these proceedings were concluded.)
14
15
16
17
18
19
20
21
22
23
24
25
```

## COURT REPORTER'S CERTIFICATE

COUNTY OF GORDON

STATE OF GEORGIA

I, Joni L. Parker, Certified Court Reporter B-2300, do hereby certify that the within and foregoing constitutes a true and correct and complete transcript of the proceedings in the herein above-stated case as adduced upon the trial in said case.

This 8th day of September, 2019.

*[signature: Joni L. Parker]*

JONI L. PARKER, CERTIFIED COURT

REPORTER, C. C. R. NO. B-2300