IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRANDON COBB, et al., etc.,<br><br>Plaintiffs,<br><br>v.<br><br>GEORGIA DEPARTMENT OF COM-<br>MUNITY SUPERVISION, et al., etc.,<br><br>Defendants. | CIVIL ACTION NO.<br>1:19-cv-03285-WMR |

**REPLY BRIEF BY DEFENDANTS GEORGIA DEPARTMENT OF COMMUNITY SUPERVISION AND MICHAEL NAIL IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT RECORD**

This brief replies to Plaintiffs' Response to Defendants' Motion for Leave to Supplement Record re Pending Motions. Plaintiffs' response contains incorrect statements and assumptions.

Plaintiffs fallaciously argue that, even if Brandon Cobb and Joseph Nettles are no longer under supervision of the Georgia Department of Community Supervision (DCS) and their claims are moot, they may nevertheless serve as class representatives. They say: "[E]ven if Plaintiffs' individual claims for relief were found to be moot because they are not currently under Defendants' supervision, this would not prevent them from serving as class representatives and pursuing

- 1 -

claims on behalf of the class." (Doc. 257, at 3-4). This is incorrect. If Plaintiffs lose individual standing before a decision on class certification, which is the situation here, they may no longer serve as class representatives. Sosna v. Iowa, 419 U.S. 393, 402-03 (1975) ("There must not only be a named plaintiff who has such a case or controversy at the time the complaint is filed, and at the time the class action is certified by the District Court pursuant to Rule 23, but there must be a live controversy at the time this Court reviews the case…. A litigant must be a member of the class which he or she seeks to represent at the time the class action is certified by the district court."); U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980) ("mootness of the named plaintiff's individual claim *after* a class has been duly certified does not render the action moot") (emphasis added) (citing Sosna v. Iowa, 419 U.S. 393 (1975)); Murray v. Auslander, 244 F.3d 807, 810 (11th Cir. 2001) (" '[P]rior to the certification of a class, and technically speaking before undertaking any formal typicality or commonality review, the district court must determine that at least one named class representative has Article III standing to raise each class subclaim.' ") (quoting Prado-Steiman ex rel. Prado v. Bush, 221 F.3d 1266, 1279 (11th Cir. 2000)).

Further, Plaintiffs incorrectly state that Defendants concede Mary Hill has standing for her claims. Plaintiffs falsely say: "Defendants do not challenge the

standing of Plaintiff Mary Hill." (Doc. 257, at 2 n.1). Unlike Plaintiffs Cobb and Nettles, Hill remains under supervision of DCS. However, as Defendants have repeatedly argued, Hill does not have standing (either as an individual or class representative) because she does not personally face, as the result of actions of DCS, "a substantial likelihood that [s]he will suffer injury in the future." AA Suncoast Chiropractic Clinic, P.A. v. Progressive Am. Ins. Co., 938 F.3d 1170, 1179 (11th Cir. 2019); Warth v. Seldin, 422 U.S. 490, 502 (1975) (Plaintiffs "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.").

Moreover, Plaintiffs repeat in their response a fallacy central to their case, namely that any imperfection in communication regarding conditions of supervision is the result of illegal conduct by DCS. (Doc. 257, at 2-3). In effect, this would put DCS (and other criminal justice agencies involved in communicating with criminal offenders—such as Georgia criminal courts, Georgia Department of Corrections, Georgia Board of Pardons and Paroles, and Georgia sheriffs) in the position of guaranteeing that offenders fully understand all conditions of supervision—despite the poor literacy and limited education of many offenders, both deaf and hearing. In a Middle District of Georgia case, deaf

criminal offenders, who were also original Plaintiffs in our case, contended as here they did not understand the conditions of their supervision. U.S. District Judge Marc T. Treadwell wryly observed that a gap between the understanding of offenders and their conditions of supervision is not unusual for both deaf and non-deaf: "[M]any probationers and parolees fail to understand, or at least adhere to, the conditions of their supervised release." <u>Coen v. Georgia Department of Corrections</u>, 2018 WL 4365503, at *9 (M.D. Ga., Sept. 13, 2018).

Brandon Cobb was provided with a team of both a live hearing and deaf ASL interpreter at his criminal trial and sentencing. (Doc. 201-1 (Cobb Dep. I), at 74:24-75:11). Cobb signed sentencing documents at that time acknowledging he understood the conditions of his supervision. (Doc. 34-1 (Mitchell Decl.) ¶¶ 9,15, Attachment 1, at 10-14). Cobb was not released by the Georgia Department of Corrections (DOC) until he completed the DOC reentry program, preparing him for supervised release. (Doc. 217-4 (Wilson Decl.) ¶¶ 3-4, Attachment 1, at 4-5, 8-12 (ECF pagination)). And, at his parole in 2019, Cobb acknowledged once more, this time to the Board of Pardons and Paroles, that he understood the conditions of his supervision. (Doc. 217-4 ¶¶ 3-4, Attachment 1, at 6-7).

DCS has provided live ASL interpreters at meetings with Brandon Cobb, but not a CDI because DCS did not consider a CDI necessary. (Doc. 217-3 (Smith

Decl. 4) ¶¶ 4,5,17; Doc. 34-1 (Mitchell Decl.) ¶ 17; Doc. 2-2 (Cobb Decl. 1) ¶¶ 19-24).  And of course DCS has on many occasions provided an ASL interpreter over VRI to assist in communications with Cobb.  (Doc. 201-1 (Cobb Dep. I), at 57:5-14; Doc. 201-2 (Cobb Dep. II), at 56:19-23).

If Cobb has a poor understanding of conditions of his supervision, it is hardly the result of illegal conduct by Defendant DCS and other non-party Georgia criminal justice agencies.  And it certainly cannot be fixed by a permanent injunction from a federal court rewriting DCS policies.[1]

Respectfully Submitted,

HOLLBERG & WEAVER, LLP


s/George M. Weaver
George M. Weaver          743150
Special Assistant Attorney General
Attorneys for Defendants

HOLLBERG & WEAVER, LLP
6185 Mountain Brook Way
Sandy Springs, GA 30328
404-760-1116
gweaver@hw-law.com

---

[1]This document has been prepared in Times New Roman (14 pt.) font, which has been approved by the Local Rules of this Court.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRANDON COBB, et al., etc.,<br><br>Plaintiffs,<br><br>v.<br><br>GEORGIA DEPARTMENT OF COM-<br>MUNITY SUPERVISION, et al., etc.,<br><br>Defendants. | CIVIL ACTION NO.<br>1:19-cv-03285-WMR |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing REPLY BRIEF BY DEFENDANTS GEORGIA DEPARTMENT OF COMMUNITY SUPERVISION AND MICHAEL NAIL IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT RECORD with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Andrés M. López-Delgado, Esq.
P.O. Box 570738
Atlanta, GA 30357
adelgado@acluga.org

- 1 -

Susan Mizner, Esq.
Zoe Brennan-Krohn, Esq.
AMERICAN    CIVIL    LIBERTIES    UNION
FOUNDATION
DISABILITY RIGHTS PROGRAM
39 Drumm Street
San Francisco, CA 94111
Zbrennan-krohn@aclu.org
CCenter@aclu.org
SMizner@aclu.org

Brittany Shrader, Esq.
NATIONAL  ASSOCIATION  FOR  THE  DEAF
LAW AND ADVOCACY CENTER
8630 Fenton Street, Suite 820
Silver Spring, MD 20910
brittany.shrader@nad.org

Ian Hoffman, Esq.
Kathryn Geoffroy, Esq.
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001
Ian.Hoffman@arnoldporter.com
Margaret.Girard@arnoldporter.com

Stephanna F. Szotkowski, Esq.
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, Illinois 60602
Stephanna.Szotkowski@arnoldporter.com

Talila A. Lewis, Esq.
PO Box 1160
Washington, DC 20013
talila.a.lewis@gmail.com

- 2 -

This 24th day of September, 2022.

s/George M. Weaver

George M. Weaver         43150
Attorney for Defendants

HOLLBERG & WEAVER, LLP
HOLLBERG & WEAVER, LLP
6185 Mountain Brook Way
Sandy Springs, GA 30328
404-760-1116
gweaver@hw-law.com